**LAWRENCE C. HERSH**
Attorney at Law
17 Sylvan Street, Suite 102B
Rutherford, NJ  07070
(201) 507-6300
*Attorney for Plaintiff, on behalf of herself and all others similarly situated*

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

―――――――――――――――――――――X
:
EMILY WALDMAN, on behalf of herself and all  :
others similarly situated,  :
:
Plaintiff,  :  Civil Action No.
:
vs.  :  **CLASS ACTION COMPLAINT AND**
:  **JURY TRIAL DEMAND**
MERIT RECOVERY SYSTEMS, INC.,  :
:
Defendant.  :
:
:
―――――――――――――――――――――X

Plaintiff  EMILY WALDMAN, on behalf of herself and all others similarly situated (hereinafter "Plaintiff"), by and through her undersigned attorney, alleges against the above-named Defendant MERIT RECOVERY SYSTEMS, INC., its employees, agents, and successors, the following:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action for actual and statutory damages and declaratory and injunctive relief arising from the Defendant's violation of 15 U.S.C. §

1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2.  This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3.  Venue is proper in this district under 28 U.S.C. §1391(b) because jurisdiction is not founded solely on diversity of citizenship.

## DEFINITIONS

4.  As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## JURY DEMAND

5.  Plaintiff demands a jury trial on all issues.

## PARTIES

6.  Plaintiff is a natural person and resident in the State of New York.

7.  MERIT RECOVERY SYSTEMS, INC. ("MRS" or "Defendant") is a New York Corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, defaulted consumer debts owed or due or asserted to be owed or due another. In fact, Defendant was acting as a debt collector, as that term is defined in the FDCPA, as to the defaulted consumer debt it attempted to collect from Plaintiff.

Defendant's principal place of business is 6501 Basile Rowe, East Syracuse, New York 13057.

## CLASS ACTION ALLEGATIONS

8. Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of herself and all New York consumers and their successors in interest (the "Class"), who have received debt collection letters and/or notices from Defendant which are in violation of the FDCPA, as described in this Complaint.

9. This Action is properly maintained as a class action. The Class consists of:

**Class 1**

- All New York consumers who were sent letters and/or notices from Defendant concerning a debt which stated that the consumer had to notify the debt collector "in 30 days" in order to validate and/or verify the debt.

**Class 2**

- All New York consumers who were sent letters and/or notices from Defendant concerning a debt which contained the following language:

> WE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR IF DIFFERENT FROM THE CURRENT CREDITOR.

**Class 3**

- All New York consumers who were sent letters and/or notices from Defendant which identified the name of the alleged creditor after the term

"Due:"

**Class 4**

- All New York consumers who were sent letters and/or notices from Defendant which indicated "WE REPORT CONSUMER CREDIT DATA TO EXPERIAN"

- The Class period begins one year prior to the filing of this Action.

10. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from the Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is sent to hundreds of persons (*See* **Exhibit A,** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

      a. Whether Defendant violated various provisions of the FDCPA, including, but not limited to: 15 U.S.C. §§1692e, 1692f, and 1692g;

      b. Whether the Defendant sent a collection letter that misstated the law;

      c. Whether Plaintiff and the Class have been injured by the Defendant's conduct;

      d. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing, and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

      e. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories;

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class;

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class;

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no

  unusual difficulties are likely to be encountered in the management of this class action;

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages.  If the Defendant's conduct is allowed to proceed without remedy it will continue to reap and retain the proceeds of its ill-gotten gains;

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

11. Plaintiff is at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

12. Prior to March 8, 2017, Plaintiff allegedly incurred a financial obligation to Crouse Hospital ("Crouse Hospital") for medical treatment.

13. The Crouse Hospital obligation ("Obligation") arose out of a transaction

in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

14. The alleged Crouse Hospital obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

15. Crouse Hospital is a "creditor" as defined by 15 U.S.C. § 1692a(4).

16. At some time prior to March 8, 2017, the Crouse Hospital obligation became past due.

17. At some time prior to March 8, 2017, Course Hospital transferred or assigned the Obligation to Defendant for collection.

18. On or about March 8, 2017, Defendant sent Plaintiff a collection letter with respect to the Obligation. See, attached Exhibit A.

19. The March 8, 2017 collection letter was Defendant's initial communication to Plaintiff.

20. The March 8, 2017 letter was a "communication" as defined by 15 U.S.C. §1692a(2).

21. The March 8, 2017 collection letter contained the following language ("Debt Validation Language"):

> UNLESS YOU NOTIFY THIS OFFICE IN 30 DAYS AFTER RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THE DEBT OR ANY PORTION THEREOF, THIS OFFICE WILL ASSUME THIS DEBT IS VALID. IF YOU NOTIFY THIS OFFICE IN WRITING IN 30 DAYS FROM RECEIVING THIS NOTICE, THIS OFFICE WILL: OBTAIN VERIFICATION OF THE DEBT OR OBTAIN A COPY OF A JUDGEMENT AND MAIL IT TO YOU. WE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR IF DIFFERENT FROM THE CURRENT CREDITOR.

22. However, the Debt Validation Language contained in the March 8, 2017

letter does comply with section 1692g(a) of the FDCPA.

23. Section 1692g(a)(3) of the FDCPA requires that the notice provided in the initial communication regarding disputing the debt shall provide "within thirty days" of the consumer's receipt of the letter. However, the language contained in the March 8, 2017 collection provides "in 30 days".

24. Section 1692g(a)(4) of the FDCPA requires that the consumer shall be able to notify the debt collector "within the thirty-day period" in order to obtain verification of the debt. However, the language contained in the March 8, 2017 letter indicates that notice must be given "in 30 days".

25. Thus, the March 8, 2017 letter violates the FDCPA with respect to both subsections (a)(3) and (a)(4) of section 1692g since the least sophisticated consumer may believe he or she has only 30 days exactly, or more than 30 days to seek verification or to validate, when in fact the statute provides that the consumer must give notice in 30 days or less.

26. Additionally, Section 1692g(a)(5) of the FDCPA provides that the letter to the consumer must indicate that the consumer's notice to the debt collector must be in writing and must be within 30 days of receiving the letter. However, the March 8, 2017 letter does not provide that the notice by the consumer be written or that it be given within 30 days of receipt of the collection letter.

27. Thus, the March 8, 2017 letter violates the FDCPA with respect to subsection (a)(5) of section 1692g since the least sophisticated consumer may believe that he or she can give such notice orally or can give it any time, and not just within 30 days of receiving the initial communication from the debt collector.

28. Additionally, subdivision (a)(2) of section 1692g requires that the initial collection letter provide the name of the creditor who the debt is due.

29. However, the March 8, 2017 collection letter does not clearly identify the name of the creditor, but simply states, "Due: Crouse Hospital".

30. Further, the March 8, 2017 collection letter also states "We Report Consumer Credit Data to Experian". However, a check of Plaintiff's Experian credit report a couple months after receiving the March 8, 2017 letter did not show any credit reporting by Defendant.

31. Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of Defendant.

32. Plaintiff suffered actual harm by being the target of Defendant's misleading debt collection communications.

33. Defendant violated Plaintiff's rights not to be the target of misleading debt collection communications.

34. Defendant violated Plaintiff's right to a truthful and fair debt collection process.

35. Under the FDCPA, Plaintiff had the right to receive certain information from Defendant.

36. Plaintiff had the right to receive from Defendant accurate information as what the law is, if Defendant is going to make such representation.

37. Defendant's collection letter caused Plaintiff a concrete injury in that Plaintiff was deprived of his right to receive accurate statement of the law.

38. Defendant's communications were designed to cause Plaintiff to suffer a

9

harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

39. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived Plaintiff of his right to enjoy these benefits.

40. As a result of Defendant's conduct, Plaintiff suffered an actual, concrete injury as a result of Defendant's failure to provide Plaintiff information required under the FDCPA.

41. The failure of Defendant to provide this information impeded Plaintiff's ability to make a well-reasoned decision.

42. Defendant's failure to provide accurate information injured Plaintiff in that it impacted his ability to decide on how to proceed with respect to the matter – will she hire an attorney, represent herself, payoff the debt, engage in a payment plan, file for bankruptcy, etc.

43. The deceptive communication additionally violated the FDCPA since it frustrated Plaintiff's ability to intelligently choose her response.

44. Based upon information and belief, within the last year, Defendant sent collection letters to at least 50 New York consumers that included the Debt Validation Language or substantially similar language.

45. Based upon information and belief, within the last year, Defendant sent

collection letters to at least 50 New York consumers that included the name of the alleged creditor after the word "Due:"

46. Based upon information and belief, within the last year, Defendant sent collection letters to at least 50 New York consumers that indicated that Defendant reported data to Experian.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692 VIOLATIONS

47. Plaintiff repeats the allegations contained in paragraphs 1 through 46 as if the same were set forth at length.

48. Defendant violated 15 U.S.C. §1692 et seq. of the FDCPA in connection with its collection attempts against Plaintiff and others similarly situated.

49. By sending collection letters, the same as or substantially similar to the March 8, 2017 letter, Defendant violated several provisions of the FDCPA, including, but not limited to:

A. 15 U.S.C. §1692e, by using a false, deceptive or misleading representation or means in connection with the collection of any debt;

B. 15 U.S.C. §1692e(5) by threatening to take any action that cannot legally be taken or that is not intended to be taken;

C. 15 U.S.C. §1692e(8) by communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is

D. 15 U.S.C. §1692e(10), by using any false representation or deceptive means to collect or attempt to collect any debt;

E. 15 U.S.C. §1692f by using unfair or unconscionable means to collect or attempt to collect any debt; or,

F. 15 U.S.C. §1692g(a), by improperly citing the debt validation language;

**WHEREFORE**, Plaintiff, on behalf of herself and others similarly situated, demands judgment against Defendant as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and attorney Lawrence Hersh, Esq., as Class Counsel;

(b) Awarding Plaintiff and the Class maximum statutory damages;

(c) Awarding Plaintiff and the Class actual damages

(d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest;

(f) Awarding reasonable attorneys' fees, costs and expenses; and

(g) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated:  Rutherford, New Jersey
         March 6, 2018

                                         Respectfully submitted,

                                         By: s/ Lawrence C. Hersh
                                            Lawrence C. Hersh, Esq.
                                            17 Sylvan Street, Suite 102B
                                            Rutherford, NJ  07070

(201) 507-6300
*Attorney for Plaintiff*

EXHIBIT A

# Merit Recovery Systems, Inc.

P.O. Box 484
Fayetteville, NY 13066
(315) 437-7001, (315) 437-8413 (Fax)

EMILY WALDMAN

March 8, 2017

DEBTOR #:

Due: Crouse Hospital
Amount $: 150.00

YOUR ACCOUNT WITH THE CLIENT LISTED ABOVE HAS BEEN TURNED OVER TO OUR OFFICES FOR IMMEDIATE HANDLING. WE HAVE BEEN AUTHORIZED TO WORK WITH YOU DIRECTLY TO RESOLVE THIS OBLIGATION. THIS ACCOUNT IS SERIOUSLY PAST DUE...

UNLESS YOU NOTIFY THIS OFFICE IN 30 DAYS AFTER RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THE DEBT OR ANY PORTION THEREOF, THIS OFFICE WILL ASSUME THIS DEBT IS VALID. IF YOU NOTIFY THIS OFFICE IN WRITING IN 30 DAYS FROM RECEIVING THIS NOTICE, THIS OFFICE WILL: OBTAIN VERIFICATION OF THE DEBT OR OBTAIN A COPY OF A JUDGEMENT AND MAIL IT TO YOU. WE WILL ALSO PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR IF DIFFERENT FROM THE CURRENT CREDITOR.

THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

## PAYMENT BY CREDIT CARD

MASTERCARD____ DISCOVER____ VISA____

CARD HOLDER'S NAME_____

CARD NUMBER_____ CVN_____

SIGNATURE_____ EXP DATE_____

CURRENT AMOUNT $: 150.00   AMOUNT ENCLOSED $:_____

**\*\*\*WE REPORT CONSUMER CREDIT DATA TO EXPERIAN\*\*\***